IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KIRK A. BOAND, ) | |
| ) | 8:05CV354 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Kirk A. Boand's ("plaintiff") motion for attorney fees, Filing No. 22, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2007). Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and finding the plaintiff eligible for disability benefits. Filing Nos. 20, 21. Thereafter, plaintiff filed this motion for attorney fees with accompanying exhibits. Filing No. 22. Plaintiff requests compensation for 29.3 hours of attorney time, for a total of $4,761.01. Plaintiff asks that the court award attorney fees to Thomas A. Krause for 8.2 hours of attorney time, and award Brian Dowd attorney fees for 21.1 hours of attorney time. Plaintiff's counsel calculated the hours expended and the Consumer Price Index to achieve an hourly rate of $162.49. Additionally, plaintiff also requests $250.00 from the Judgment Fund for reimbursement of the filing fee. The Social Security Administration ("defendant") filed a response stating that it did not contest the award of attorney fees in the amount of $4,761.01. Filing No. 23.

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil

action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Furthermore, in order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

After carefully reviewing the record and, in particular, the itemized amounts set forth in Filing No. 22, Attachment 1, pp. 5-6, the court concludes the total 29.3 hours of work spent on this case is reasonable. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its previous Memorandum and Order, the ALJ's statements were not supported by substantial evidence and he erred in not giving due deference to the treating physicians in this case. Filing No. 20. Further, the court concluded that the hypothetical questions posed by the ALJ and the vocational expert's testimony did not constitute substantial evidence. *Id.* Accordingly, the court concludes that the defendant was not substantially justified, plaintiff is a prevailing party, and an award of attorney fees in the amount of $4,761.01, and cost reimbursement of the filing fee in the amount of $250.00, is reasonable and warranted.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 22, is granted. Plaintiff is awarded attorney fees in the amount of $4,761.01, payable to Thomas A. Krause in the amount of $1,332.43, and Brian Dowd in the amount of $3,428.58, and costs in the amount of $250.00.

DATED this 30th day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief United States District Judge